**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4209-19

H and H MANUFACTURING
COMPANY, INC., a/k/a
H&H,

     Plaintiff-Respondent,

v.

MARK TOMEI, Individually
and as Guardian ad Litem for
VINCENT TOMEI,

     Defendants-Appellants,

and

ESTATE OF MARIE TOMEI,
deceased, by the Executor
MARK TOMEI, individually
and derivatively on behalf of
Nominal Defendant H&H
Manufacturing Co., Inc.

     Intervenor/Third Party-
     Plaintiff,

v.

THOMAS R. TOMEI, and

H&H Manufacturing Co., Inc.,

    Third-Party Defendants.

_____

Submitted October 18, 2021 – Decided December 29, 2021

Before Judges Rothstadt and Natali.

On appeal from an interlocutory order from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4972-19.

Davis Bucco, attorneys for appellant (Paul A. Bucco, on the briefs).

Obermayer Rebmann Maxwell & Hippel LLP, attorneys for respondent (Matthew A. Green and Lars J. Lederer, on the brief).

PER CURIAM

On leave granted, defendant Vincent Tomei,[1] by his son and limited guardian Mark Tomei, appeals a May 22, 2020 Law Division order disqualifying his counsel, Paul Bucco, Esq., and the law firm Davis Bucco Makara & Dorsey (Davis Bucco). Having considered the parties' submissions in light of the record and against the applicable legal principles, we reverse the May 22, 2020 order and remand for further proceedings.

---

[1] As the parties share similar surnames, we refer to them by their first names, intending no disrespect.

I.

This appeal has its origins in two actions that involve the control and ownership of plaintiff, H&H Manufacturing Company, Inc. (H&H). H&H is a corporation that manufactures parts for industrial turbines and has it principal place of business in Delaware County, Pennsylvania. Vincent is a retired certified public accountant who handled H&H's books and records and other financial corporate documents and served on its board of directors.

Thomas Tomei, Vincent's other son, began working at H&H in 1972. He too served on its board of directors but also held the office of president and general manager, overseeing all aspects of H&H's day-to-day operations. Since 1984, H&H has been wholly owned by the Tomei family and affiliated trusts whose beneficiaries are Tomei family members.

Over the course of their business relationship, Thomas and Vincent's positions became adverse. On April 8, 2013, H&H held a special meeting of the stockholders. Paul Bucco acted as secretary at the meeting and prepared the minutes, which indicated, in part, that both Vincent and Thomas would serve on the board of directors for a one-year term, and that Davis Bucco would represent H&H in all legal matters in 2013.

A-4209-19

Upon receiving the meeting minutes, Thomas wrote to Paul Bucco and objected to several aspects of the proposed minutes, including that Davis Bucco had been appointed to represent H&H. He claimed that Davis Bucco's appointment was not discussed in his presence, and that he had no knowledge of any conforming retainer agreement.

In May 2013, Vincent demanded H&H pay $25,000 for his personal tax liabilities. When Thomas refused, Vincent withdrew over $34,000 from Thomas's personal account. The same day, and without approval of the board of directors or other shareholders, Vincent sent Thomas a fax purporting to terminate him from his employment with H&H. On June 3, 2013, Vincent held an alleged meeting of the shareholders where he attempted to alter the board of directors, replacing Thomas with Mark. Thomas was not provided proper notice of the meeting.

On June 17, 2013, Vincent filed suit in the Pennsylvania Court of Common Pleas, Delaware County (Delaware County Action) in his own name and, ostensibly, on behalf of H&H, asserting claims of breach of contract, breach of fiduciary duty, and conversion, and also requesting equitable relief.[2]

---

[2] Vincent was declared partially incapacitated on September 9, 2016. Mark was appointed as Vincent's limited guardian and continued the litigation on Vincent's behalf.

A-4209-19

Specifically, Vincent claimed to be owner of all H&H voting stock. He further asserted that Thomas was a minority shareholder who owned only non-voting shares and who had been terminated from H&H and removed from its board of directors. He also alleged that Thomas converted H&H funds for personal use, wrongfully took possession of and retained H&H books and records, refused to sell his shares to H&H upon his termination as required by contract, and failed to pay Vincent his salary as required by his employment agreement. The plaintiffs were represented by Paul Bucco and the Davis Bucco firm. Thomas filed an answer with counterclaims.

On December 8, 2017, following a bench trial, the court found in favor of Thomas on all counts in the complaint. The court determined Vincent forged and fabricated H&H's corporate documents, including shareholder certificates and meeting minutes to establish his ownership in H&H. It further found that all outstanding H&H shares were owned by the Thomas Tomei Trust, of which Thomas was the sole beneficiary, and the estate of Marie Tomei, Vincent's late wife. It also determined that Thomas's alleged termination and removal from the board of directors were void, and that Thomas was "authorized to make all decisions concerning the operations and management of H&H." Vincent was also found liable for improperly converting $34,224.58 from Thomas's bank account.

A-4209-19

Most notable as it relates to the issues before us, the court also dismissed all claims Vincent asserted on H&H's behalf, concluding it was "not a proper party to [the] litigation" as Vincent "lack[ed] standing to sue on behalf of H&H" because "H&H's board of directors never approved the filing of [the] lawsuit or ratified its filing" and Vincent failed to file a proper derivative suit.

The Pennsylvania appellate court affirmed, and the Pennsylvania Supreme Court denied further review. Throughout the Delaware County Action and all related appeals, Paul Bucco and Davis Bucco represented Vincent and purported to represent H&H's interests, signing all pleadings and appellate submissions on its behalf.

On December 11, 2019, H&H filed the instant action against Vincent and Mark, individually, and as guardian ad litem for Vincent, in the Law Division. H&H's claims in this matter are based, in part, on damages it alleges it sustained as a result of the improper Delaware County Action. Specifically, H&H maintains Vincent and Mark lacked authority to initiate and continue the Delaware County Action, and that because of that lawsuit, a receiver had to be appointed, costing the corporation in excess of one million dollars in damages. It also asserts additional claims against Vincent for breach of fiduciary duties, fraud, conversion, civil conspiracy, corporate waste, unjust enrichment, and tortious interference of contract.

A-4209-19

Paul Bucco, the same attorney who represented Vincent and purportedly H&H as plaintiffs in the Delaware County Action, now represents Vincent as a defendant against H&H. H&H moved to disqualify Paul Bucco and his firm pursuant to RPC 1.9(a)[3] contending that a conflict of interest existed based on his prior representation of H&H. It based its application on the fact that Paul Bucco and Davis Bucco claimed to have represented H&H throughout the Delaware County Action. H&H also claimed that Paul Bucco and Davis Bucco represented it prior to the initiation of the Delaware County Action. Finally, H&H argued Paul Bucco should be disqualified under RPC 3.7[4] because he is a critical and indispensable witness based, in part, on his involvement in the April 2013 corporate meeting.

---

[3] RPC 1.9(a), Duties to Former Clients, provides: "A lawyer who has represented a client in a matter shall not thereafter represent another client in the same or a substantially related matter in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing."

[4] RPC 3.7(a) provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

7

In opposition, Vincent argued that Paul Bucco's and Davis Bucco's representation in the Law Division action did not violate RPC 1.9(a) because their representation of H&H in the Delaware County Action was "derivative and nominal." He explained that "H&H's involvement in the Delaware County Action was premised on Vincent['s] . . . position that he was a shareholder of H&H," but the court determined that Vincent had no ownership of H&H and, as a result "it was impossible for H&H to have been [Paul Bucco's or his firm's] client." He also noted that H&H's Law Division complaint stated that Vincent and Mark were unauthorized to initiate or continue litigation on H&H's behalf and argued "H&H simply cannot take the position that [Paul Bucco and Davis Bucco] had no authority to represent H&H and, simultaneously, that [Paul Bucco and Davis Bucco] represented H&H to the extent a conflict of interest currently exists."

Vincent also argued that the two actions were not "substantially related" because Paul Bucco and Davis Bucco did not receive confidential information from H&H, and facts relevant to their purported representation of H&H were not relevant to his representation of Vincent. Finally, Vincent claimed Paul Bucco's testimony was not necessary and, therefore, RPC 3.7 was inapplicable.

A-4209-19

H&H filed a reply brief in which it characterized the argument that Paul Bucco and Davis Bucco represented H&H only in a derivative capacity as "disingenuous at best." It stressed that Vincent "did not do anything to bring the action as a 'derivative' suit and therefore H&H was not a 'nominal' or 'derivative' party to the prior suit." It also explained that Paul Bucco purported to represent H&H as recently as February 2020, when he refused to turn over H&H documents to Thomas. Finally, H&H argued that RPC 1.9 does not require that the attorney sought to be disqualified had obtained confidential information where "facts relevant to the prior representation are relevant and material to the subsequent representation in the instant matter."

After hearing oral arguments, the judge granted H&H's motion. In disqualifying Paul Bucco and Davis Bucco, the judge determined that they had represented H&H in the Delaware County Action. He essentially reasoned that filing pleadings on behalf of a party equates to representation, and he was not aware of any conflict case that recognized a "nominal representation" distinction.

Second, the judge determined that the two matters were "substantially related." In reaching that conclusion, he first acknowledged that it was not clear that Paul Bucco or his firm received confidential information from H&H.

A-4209-19

Nevertheless, the judge found the matters to be substantially related because facts relevant to the Delaware County Action were closely connected and material to the present action. Specifically, he explained that the Law Division action sought to redress damages incurred by H&H from the "initiation and . . . continuation of the litigation in the first case," and that findings of fact from the Delaware County Action, including that Vincent forged and fabricated corporate documents, were germane to plaintiff's claims.

Finally, the judge determined that representation of Vincent in the present action by Paul Bucco and Davis Bucco was materially adverse to their former client, H&H. He reasoned "H&H is the plaintiff [and] . . . Vincent is the defendant in the case. It doesn't get any . . . more clearly adverse." In reaching that conclusion, the judge rejected defendant's argument that there was no adversity because Paul Bucco and Davis Bucco represented H&H "in name only." The judge also briefly discussed RPC 3.7 but did not make any substantive findings or base his decision on a violation of that RPC. This appeal followed.

II.

Before us, Vincent again argues that Paul Bucco and Davis Bucco represented H&H in the Delaware County Action in only a "nominal" capacity,

10

which he claims is insufficient for disqualification under RPC 1.9(a).  He also argues, relying on Host Marriott Corp. v. Fast Food Operators, Inc., 891 F. Supp. 1002 (D.N.J. 1995), that disqualification under RPC 1.9(a) is inapplicable where counsel was not in a position to obtain confidential information from his purported former client.

Based on the unique circumstances presented, we conclude that Paul Bucco and Davis Bucco's unauthorized appearance on behalf of H&H in the Delaware County Action does not qualify as "representation" as contemplated by RPC 1.9(a), and therefore, cannot solely form the basis for their disqualification.  However, because we cannot discern from the record whether Paul Bucco or Davis Bucco represented H&H in any other substantially related matters, or whether disqualification under RPC 3.7 is appropriate, we remand for further proceedings.  In the interest of completeness, we nevertheless address and reject Vincent's interpretation of Host Marriott.

## III.

Our evaluation of "an order granting or denying a disqualification motion invokes our de novo plenary review in light of the fact that a decision on such a motion is made as a matter of law."  Twenty-First Century Rail Corp. v. New Jersey Transit Corp., 210 N.J. 264, 274 (2012).  Disqualification of counsel is

11

generally a "harsh discretionary remedy which must be used sparingly." Cavallaro v. Jamco Prop. Mgmt., 334 N.J. Super. 557, 572 (App. Div. 2000). Motions to disqualify are typically disfavored because they "can have such drastic consequences." Rohm & Haas Co. v. Am. Cyanamid Co., 187 F. Supp. 2d 221, 226 (D.N.J. 2001). However, a motion to disqualify requires the court to "balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel." Twenty-First Century Rail, 210 N.J. at 273-74 (quoting Dewey v. R.J. Reynolds Tobacco Corp., 109 N.J. 201, 218 (1988)).

A party's "right to retain counsel of his or her choice is limited in that there is no right to demand to be represented by an attorney disqualified because of an ethical requirement." Ibid. (quoting Dewey, 109 N.J. at 218). Once a conflict of interest is determined to exist, the appropriate remedy is disqualification of the attorney, except in the interests of justice. See State v. Jimenez, 175 N.J. 475, 484 (2003); State v. Loyal, 164 N.J. 418, 430 (2000). "[A]ny doubt as to the propriety of an attorney's representation of a client . . . must be resolved in favor of disqualification." Estate of Kennedy v. Rosenblatt, 447 N.J. Super. 444, 451 (App. Div. 2016) (quoting Herbert v. Haytaian, 292 N.J. Super. 426, 438-39 (App. Div. 1996)).

A-4209-19

"[T]he initial burden of production—that the lawyer(s) for whom disqualification is sought formerly represented their present adverse party and that the present litigation is materially adverse to the former client—must be borne by the party seeking disqualification." City of Atlantic City v. Trupos, 201 N.J. 447, 462 (2010). While the burden of production may shift, "the burden of persuasion on all elements under RPC 1.9(a) remains with the moving party, as it 'bears the burden of proving that disqualification is justified.'" Id. at 462-63 (quoting Div. of Youth & Family Servs. v. V.J., 386 N.J. Super. 71, 75 (Ch. Div. 2004)).

"The term 'represented' is not defined in RPC 1.9, nor is it defined elsewhere in the Model Rules or in the New Jersey RPCs." Dewey, 109 N.J. at 214; see also RPC 1.0. As such, "the existence of an attorney-client relationship - that is a representation - may be governed by principals of substantive law 'external to' the rules of professional conduct." Kevin H. Michels, New Jersey Attorney Ethics, § 21:2-1 at 539 (2021).

Our Supreme Court has held that "representation is inherently an aware consensual relationship, one which is founded upon the lawyer affirmatively accepting a professional responsibility." In re Palmieri, 76 N.J. 51, 58 (1978) (internal quotations omitted). In other words, the attorney-client relationship

begins with a non-lawyer's reliance on the professional skills of an attorney, who, in turn, knows of this reliance and accepts responsibility for it. Ibid.; see also Restatement (Third) of the Law Governing Lawyers § 14 (Am. Law. Inst. 2000) ("A relationship of client and lawyer arises when . . . a person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and . . . the lawyer manifests to the person consent to do so."); Dixon Ticonderoga Co. v. Estate of O'Connor, 248 F.3d 151, 169 (3d Cir. 2001) (same). The client must demonstrate from an identifiable action or manifestation, reliance on an attorney in his professional capacity. See Herbert, 292 N.J. Super. at 436-37.

Moreover, courts have held that asserting a derivative claim on behalf of a corporate entity does not create an attorney-client relationship with the entity. See Simms v. Rayes, 316 P.3d 1235, 1238-39 (Ariz. Ct. App. 2014) (finding no conflict of interest where law firm filed a derivative claim on corporate entity's behalf while simultaneously defending individual shareholder against the corporate entity, reasoning the firm had no attorney-client relationship with the corporate entity); Shen v. Miller, 150 Cal. Rptr. 3d 783, 786, 791 (Ct. App. 2012) (similar); see also In re Dayco Corp. Derivative Sec. Litig., 102 F.R.D. 624, 630 (S.D. Ohio 1984) ("case law is virtually unanimous in holding that one

14

counsel can represent a stockholder bringing both an individual and a derivative action"). A derivative action is an action brought by a shareholder to assert the rights of a corporation. See In re PSE&G S'holder Litig., 173 N.J. 258, 277-78 (2002). While deemed to belong to the corporation, derivative actions allow individual shareholders to protect their interests from directors' misfeasance and malfeasance affecting shareholders as a whole. See Strasenburgh v. Straubmuller, 146 N.J. 527, 549-50 (1996). In contrast, an individual action involves a "special injury" that does not affect all shareholders. Id. at 550.

We disagree with the judge that the fact that Paul Bucco and Davis Bucco entered an appearance on behalf of H&H establishes "representation" under RPC 1.9(a). As the Delaware County court found, Vincent lacked standing to file a direct action on behalf of H&H because the board of directors never approved or ratified his filing of the lawsuit. H&H essentially concedes that fact in the present action, as its complaint alleged that neither Vincent nor Mark were authorized to initiate or continue the Delaware County Action on H&H's behalf.

Further, the record contains no evidence of a written agreement or oral representation by H&H establishing an "aware consensual," In re Palmieri, 76 N.J. at 58, attorney-client relationship under New Jersey law. Indeed, based on the Delaware County court's findings, H&H never consented to Paul Bucco's or

15

Davis Bucco's representation in that matter and, as such no attorney-client relationship could have formed. Simply put, Paul Bucco and Davis Bucco did not actually "represent" H&H, they merely alleged they did, and whatever consequences may flow from that inaccurate characterization, such self-serving pronouncements cannot serve as the sole basis for the creation of an attorney-client relationship. In re Palmieri, 76 N.J. at 58; Herbert, 292 N.J. Super. at 436-37. Paul Bucco and Davis Bucco's appearance on behalf of H&H was, at best, akin to a defectively filed putative derivative action, which, as noted, does not create an attorney-client relationship with the corporate entity. Simms, 316 P.3d at 1238-39; Shen, 150 Cal. Rptr. 3d at 791; In re Dayco, 102 F.R.D. at 630.

Although not cited by the parties, our research has revealed one similar case, Brooks v. Quinlan, 839 S.E.2d 51 (Ga. Ct. App. 2020), where the court reached a different conclusion, and which we decline to follow. There, the majority member of a limited liability company (LLC) filed suit against a minority member. Id. at 574. The majority member also named the LLC as a nominal defendant and asserted a derivative claim of breach of fiduciary duty on its behalf against the minority member. Ibid. Counsel for the minority member filed an answer on behalf of the defendants including the LLC. Ibid. The majority member unsuccessfully moved to strike the answer on behalf of

16

the LLC, which defense counsel opposed. Ibid. Thereafter, in response to the majority member's motion for partial summary judgment, the court declared her as the "sole manager" of the LLC and later granted her motion to realign the LLC as a plaintiff. Id. at 575.

After re-filing her complaint with the LLC as a plaintiff, the majority member moved to disqualify defense counsel under Rule 1.9(a) of the Georgia Rules of Professional Conduct, which mirrors RPC 1.9(a). Ibid. The trial court granted the motion and the court of appeals affirmed. Id. at 576, 578.

The appellate court found defense counsel's representation established "a clear violation of [RPC] 1.9(a) on its face." Id. at 578. In reaching that conclusion it concurred with the trial court in rejecting the argument that defense counsel's "nominal" representation of the LLC was insufficient to create a conflict under RPC 1.9. Ibid. Instead, it adopted the trial court's determination that by filing an answer on the LLC's behalf and opposing plaintiff's motion to strike that answer it was "impossible to cast the representation as so minimal that it should be ignored." Ibid.

We find Brooks unpersuasive and decline to adopt the court's reasoning. First, we note that there, the appellate court applied an abuse of discretion standard of review, whereas we review the present disqualification order de

17

novo. Id. at 577; Twenty-First Century Rail, 210 N.J. 264, 274 (2012). More importantly, we disagree that counsel can "represent" a corporate entity within the meaning of RPC 1.9(a) in circumstances where a court issued a final determination after fact finding and concluded that counsel was unauthorized to represent the entity. Finally, as noted, New Jersey law requires that any representation must be a "consensual" relationship, that begins with a manifestation of assent by the client. In re Palmieri, 76 N.J. at 58; Dixon Ticonderoga, 248 F.3d at 169. Where the purported client has not manifested assent, as H&H indisputably never did here, there can be no "representation." We disagree with the Brooks court that an attorney-client relationship can be created by the filing of pleadings, regardless of the significance or substantive nature of those submissions. As noted, other remedies are available for incorrect and improper representations in pleadings.

Nevertheless, the record contains references suggesting that Paul Bucco and Davis Bucco may have represented H&H in other capacities. Specifically, it appears Paul Bucco served as acting secretary in at least one meeting of H&H stockholders on April 8, 2013, and H&H alleged without adequate support in the record that "Davis Bucco represented H&H in at least ten matters, over seven

18

years," a point Vincent disputes, claiming all such appearances were appeals arising from the Delaware County Action.

Further, disqualification under RPC 3.7 may be appropriate, an issue the judge did not dispositively address. Because the record as presented affords us no meaningful opportunity to review the scope of Paul Bucco and Davis Bucco's representation of H&H outside of the Delaware County Action, or to what extent Paul Bucco will be a necessary witness under RPC 3.7, we remand for further proceedings to determine if disqualification is warranted.

IV.

In any event, we reject Vincent's position that Host Marriot renders RPC 1.9(a) inapplicable where the attorney facing disqualification did not receive confidential information from the former client, as that interpretation runs directly counter to our Supreme Court's holding in Trupos. While Host Marriot provided RPC 1.9(a) "is not implicated . . . until the movant shows that 'the attorney was in a position where he could have received information which his former client might reasonably have assumed the attorney would withhold from his present client,'" fifteen years later in Trupos, the Supreme Court held that under RPC 1.9(a) "matters are deemed to be 'substantially related' if (1) the lawyer . . . received confidential information from the former client that can be

19

used against that client . . . , <u>or</u> (2) facts relevant to the prior representation are both relevant and material to the subsequent representation." <u>Host Marriott</u>, 891 F. Supp. 1002, 1007 (quoting <u>Allegaert v. Perot</u>, 565 F.2d 246, 250 (2d Cir. 1977)); <u>Trupos</u>, 201 N.J. at 451-52 (emphasis added). By using disjunctive phrasing including the word "or," the <u>Trupos</u> Court made clear that an attorney's knowledge of confidential information is not necessary for disqualification under RPC 1.9(a).

We leave the scope and manner of the remand proceedings to the judge's discretion. To the extent the judge determines it necessary, the parties may engage in limited discovery to determine the extent Paul Bucco and his firm represented H&H in any other matter, and whether any such representation was "substantially related" to the present action under the two-part test discussed in <u>Trupos</u>. Finally, to the extent H&H seeks to disqualify Paul Bucco pursuant to RPC 3.7, additional factual findings shall also be made by the judge.

Reversed and remanded for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4209-19